IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAY ANTHONY BROWN                                                 PLAINTIFF

       v.                Civil No. 4:11-cv-04081

SHERIFF JAMES SINGLETON,
Hempstead County, Arkansas;
CAPTAIN JOHNNY GODBOLT,
Jail Administrator; LIEUTENANT
STEPHEN W. GLOVER, Assistant
Administrator; and SIMENOAL AMOES,
Transport Officer                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to the terms of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

When he filed this action, Plaintiff was incarcerated in the Hempstead County Detention Facility. By order entered on August 23, 2011 (ECF No. 3), Plaintiff was advised that he was required to immediately inform the Court of any changes in his address. If he failed to do so, Plaintiff was told the failure might result in the dismissal of the case.

On January 3, 2012, mail sent to the Plaintiff at the detention facility was returned as undeliverable. On January 6th, Court staff obtained the home address provided by Plaintiff to the detention facility when he was booked in. A change of address was entered on his behalf (ECF No. 8).

On January 17th, all mail sent to the home address was returned as undeliverable. On

February 22nd, Defendants filed a notice that mail they sent to Plaintiff had also been returned as undeliverable. The Court has not had a valid address for the Plaintiff since January. Plaintiff has not communicated with the Court.

For the reasons stated, I recommend that this case be dismissed with prejudice based on Plaintiff's failure to obey the order of this Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2012.

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE